UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARLI M. JOHNSON,

     Plaintiff,

                            Case No. 1:25-cv-404

v.

                            Hon. Hala Y. Jarbou

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

Before the Court are the objections of Social Security claimant Harli Johnson to the magistrate judge's report and recommendation that the adverse decision of the Social Security Administration on Johnson's disability-benefits claim be affirmed.  (R&R, ECF No. 12.)  Johnson contends that the magistrate judge erred in finding that the decision of the administrative law judge who heard her claim was supported by substantial evidence.  According to Johnson, neither the ALJ nor the magistrate judge properly accounted for the combined effects of her migraine headaches and her other lupus symptoms on her ability to work.  (Objs. 4, ECF No. 13.)  Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  Because the Court agrees that the ALJ failed to incorporate Johnson's migraines into his assessment of Johnson's residual functional capacity, Johnson's objection will be sustained and the magistrate judge's recommendation rejected.

The parties are well aware of the facts underpinning this suit, and they are detailed in the R&R.  The Court will therefore proceed directly to Johnson's objection.  Her argument reduces to this: the ALJ should have considered how her migraine disorder—which the ALJ recognized as one of Johnson's impairments—would combine with the other limitations stemming from her systemic lupus erythematosus to interfere with her holding down a steady job. (Objs. 5–6.)  During the hearing before the ALJ on her claim, Johnson testified that she experienced between one and three migraines attacks a week, or an average of eight migraines a month.  (AR 20, ECF No. 5-2.)  She also explained that the pain from her attacks could only be relieved by lying down in a dark room with a cloth on her head.  (*Id.*)  The ALJ did not reject this testimony, either at the hearing or in his decision.  In addition, a vocational expert testified that more than two unexcused absences in a month would likely result in the termination of an employee.  (AR 91.)  The ALJ accepted that testimony too.  Yet the ALJ's decision only refers to Johnson's migraine disorder in order to deny that it constituted a severe impairment that rendered her disabled.  (AR 20–21.)  Johnson contends that because the ALJ determined that she retained the residual functional capacity to perform light unskilled labor, he implicitly found that her migraine disorder would not compel her to take more than two unexcused absences per month.  Because the latter finding is unsupported by substantial evidence, Johnson concludes, the ALJ's decision must be vacated.  (Objs. 6.)

Johnson's objection is well-taken.  Although the ALJ stated that he considered all of Johnson's impairments, including those not classifiable as severe, in assessing her residual functional capacity (AR 21), nowhere in his decision did he articulate how Johnson could be fit for work if she experiences eight migraine attacks a month.  It is incumbent on the ALJ to "build an accurate and logical bridge between the evidence" of the claimant's impairments and the conclusion that the claimant is (not) disabled.  *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D.

Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).  Because the ALJ did not explicitly evaluate Johnson's testimony about her migraine disorder, the Court can only guess why the ALJ regarded that evidence as compatible with the conclusion that Johnson could still work.  And because the ALJ's finding that Johnson is not disabled depends on that implicit conclusion of compatibility, the ALJ's failure to consider Johnson's migraines "in a meaningful way" cannot be papered over as harmless.  *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 326 (6th Cir. 2015).  The Court leaves it to the ALJ to apply his expertise to this issue in the first instance.

*    *    *

**IT IS ORDERED** that the report and recommendation (ECF No. 12) is **REJECTED**.

**IT IS FURTHER ORDERED** that Johnson's objections to the R&R (ECF No. 13) are **SUSTAINED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Social Security Administration for further proceedings not inconsistent with this Order.

A judgment consistent with this Order shall issue.


Dated: April 15, 2026                                    /s/ Hala Y. Jarbou
                                                         HALA Y. JARBOU
                                                         CHIEF UNITED STATES DISTRICT JUDGE

3